**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0767-19T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SALAAM REEVEY, a/k/a
DESMOND REEVEY,
SALAAM D. REEVEY,
DESMOND S. REEVEY,
SALAAM DESMOND REEVEY,

    Defendant-Appellant.

_____

Submitted January 5, 2021 – Decided January 25, 2021

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 11-03-0410.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Ednin D. Martinez, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from an August 13, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

To provide context for our decision, we briefly recount the relevant facts and procedural history as detailed in our opinion affirming defendant's convictions and sentence:

> On the night of September 4, 2010, defendant and an accomplice, Larry Austin, approached a group of five people walking toward the light rail station in Jersey City. After brandishing a pistol, Austin led three men from the group down an alleyway, where he struck two of them with the end of the pistol before shooting and killing the third. During these assaults, Austin took possessions from each of the men, including a wallet and cell phone.
>
> As these events transpired, defendant was acting as a lookout for Austin. The two surviving victims testified that defendant "didn't say much," and did not touch them at all. Defendant was ultimately arrested and charged with murder, N.J.S.A. 2C:11-3(a)(1) or -3(a)(2) (count one); felony murder, N.J.S.A. 2C:11-3(a)(3) (count two); three counts of first-degree robbery, N.J.S.A. 2C:15-1 (counts three, four, and five); two counts of first-degree aggravated assault causing serious bodily injury, N.J.S.A. 2C:12-1(b)(1) (counts six and seven); two counts of third-degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2) (counts eight and nine); possession of a weapon with an unlawful purpose, N.J.S.A. 2C:39-4(a)

2

(count ten); and unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count eleven).

Following trial, a jury convicted defendant on counts three, four, and five of the lesser-included offense of second-degree robbery, as well as the two counts of third-degree aggravated assault.

[State v. Reevey, No. A-2035-13 (App. Div. Feb. 3, 2016) (slip op. 1-3).]

Before the sentencing court, defendant's trial counsel submitted a brief in which he relied on State v. Yarbough, 100 N.J. 627, 643-44 (1985), and argued for concurrent rather than consecutive sentences. He contended defendant's role in the robbery "was inherently passive" and that the "crimes and their objectives were clearly part of a single period of aberrant behavior by [defendant]."

Trial counsel further contended that "[d]efendant's single act was that of accomplice" and that his "crime and objective were one in the same, one act." He acknowledged that the "crimes involved separate acts of violence" but they were "perpetrated by [Austin, the] primary actor." Finally, counsel stressed that "[d]efendant's actions were committed so closely in time and place as to indicate a single period of aberrant behavior."

In addition, during oral argument, defendant's trial counsel noted that "[defendant] still maintains his innocence" and that "in no way did he know what was going to go on in Mr. Austin's mind." He also conceded that defendant

3

"can't dispute some of the [Yarbough] factors" but argued that the "equities cry out that . . . [the court] consider the concurrent aspect under [Yarbough]."

After merging the aggravated assault and robbery counts and considering the applicable aggravating and mitigating factors, the court sentenced defendant to a ten-year custodial term on count three (which addressed the victim who died), and seven years each on counts four and five. The sentencing court ordered that defendant's sentences run consecutively for a total of twenty-four years, with an 85% period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

In rejecting defendant's request for concurrent sentences, the sentencing court noted the "conduct that occurred here [involved] separate acts of violence." Additionally, the court cited State v. Molina, 168 N.J. 436 (2001), for the proposition that "crimes involving multiple victims represented especially suitable circumstances for the imposition of consecutive sentences."

On direct appeal, defendant argued that his sentence was excessive and unduly punitive. Defendant's appellate counsel contended that "[w]hile consecutive sentences were likely warranted because there were multiple victims, . . . the sentencing court violated Yarbough [g]uideline [five] by imposing the same sentence on counts four and five."

A-0767-19T1

We rejected these arguments and affirmed. Regarding the Yarbough argument, we stated:

> Defendant finally argues that, pursuant to State v. Yarbough, the sentencing judge should not have imposed equal seven-year sentences for his two additional robbery convictions. In Yarbough, our Supreme Court specifically noted that "successive terms for the same offense should not ordinarily be equal to the punishment for the first offense." The sentencing judge acknowledged this requirement, and thus sentenced defendant to a ten-year prison term for the first robbery conviction, but only seven-year prison terms for each of the additional robbery convictions. Defendant provides no support for the assertion that the two additional robbery convictions cannot be for equal lengths. Defendant's twenty-four-year sentence was not excessive.
>
> [Reevey, slip op. at 10 (citations omitted).]

On October 16, 2018, defendant filed a timely PCR petition in which he alleged ineffective assistance of both trial and appellate counsel on the "narrow issue" of "consecutive versus concurrent" sentencing. After hearing oral arguments, Judge John A. Young issued an August 14, 2019 order and corresponding opinion in which he concluded that defendant failed to establish a prima facie case that either his trial or appellate counsel was constitutionally ineffective under the two-part test detailed in Strickland v. Washington, 466

U.S. 668 (1984), and State v. Fritz, 105 N.J. 42 (1987). The court accordingly denied defendant's petition without an evidentiary hearing.

With regard to defendant's trial counsel, the judge explained that contrary to defendant's contentions, defendant's trial counsel had argued "that [defendant] played a passive role in the offense." Further, the judge concluded defendant failed to establish prejudice because the sentencing court noted defendant's "active participation" and found "[defendant] acted as an accomplice that night to help Mr. Austin accomplish what he was set out to do." Additionally, Judge Young noted and rejected trial counsel's argument that defendant was convicted of a "single act."

As to defendant's appellate counsel, Judge Young relied upon State v. Gaither, 396 N.J. Super. 508, 515 (App. Div. 2007), and explained appellate counsel is "not required to present every non-frivolous legal claim." Additionally, the judge cited State v. Carey, 168 N.J. 413, 429 (2001), and found defendant did not have a "reasonable likelihood of succeeding on [the concurrent sentencing] claim in his appeal" because of the multiple victims in this case.

Before us, defendant raises the following point for our consideration:

> THIS MATTER MUST BE REMANDED FOR AN
> EVIDENTIARY HEARING BECAUSE
> DEFENDANT ESTABLISHED A PRIMA FACIE
> CASE OF TRIAL AND APPELLATE COUNSELS'

6

INEFFECTIVENESS FOR NOT ADEQUATELY PURSUING THE IMPOSITION OF CONCURRENT SENTENCES; IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED FOR THE PCR COURT TO ADDRESS THE NARROW YARBOUGH ISSUE RAISED AT THE PCR HEARING. (Partially Raised Below).

We disagree with defendant's argument and affirm substantially for the reasons stated by Judge Young in his written decision. R. 2:11-3(e)(2). We offer the following additional comments.

II.

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) (citation omitted). We review a PCR court's legal conclusions de novo. State v. Harris, 181 N.J. 391, 415-16 (2004) (citing Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

A claim for ineffective assistance of counsel must satisfy the two-part test pronounced in Strickland by demonstrating that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

7                                                                         A-0767-19T1

466 U.S. at 687; see also Fritz, 105 N.J. at 58. This test applies to appellate counsel as well. State v. Loftin, 191 N.J. 172, 197-98 (2007).

The first prong requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. A defendant, however, must overcome a strong presumption that counsel rendered reasonable professional assistance. Id. at 689. "The test is not whether defense counsel could have done better, but whether he met the constitutional threshold for effectiveness." State v. Nash, 212 N.J. 518, 543 (2013). Further, the failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel. State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688).

Under the second prong, a defendant must demonstrate that his counsel's errors prejudiced the defense such as to deprive defendant of a fair and reliable outcome. Strickland, 466 U.S. at 687. To prove this element, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Moreover, a defendant is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing State v. Preciose, 129 N.J. 451, 462 (1992)).

8

An evidentiary hearing is required only when: 1) a defendant establishes a prima facie case in support of PCR, 2) the court determines there are disputed issues of material fact that cannot be resolved by review of the existing record, and 3) the court determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10).

"A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)). In other words, there are "material issues of disputed fact which cannot be resolved by reference to the existing record." State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998). Mere bald assertions are insufficient. Cummings, 321 N.J. Super. at 170.

Defendant argues that he established a prima facie claim that his trial and appellate counsel's performance was constitutionally ineffective because they failed to assert that "defendant's 'limited intent[]' [in the robberies] translated 'as being a simple act,' thereby satisfying a compelling Yarbough factor for imposition of concurrent sentences," and argues a remand is necessary to "address [his] narrow Yarbough claim." We disagree as defendant's arguments are factually unsupported by the record and legally meritless.

When deciding whether to impose concurrent or consecutive sentences, the court considers the following guidelines established in Yarbough:

> (a) the crimes and their objectives were predominantly independent of each other;
>
> (b) the crimes involved separate acts of violence or threats of violence;
>
> (c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;
>
> (d) any of the crimes involved multiple victims;
>
> (e) the convictions for which the sentences are to be imposed are numerous.
>
> [100 N.J. at 643-44.]

"The Yarbough factors are qualitative, not quantitative; applying them involves more than merely counting the factors favoring each alternative outcome." State v. Cuff, 239 N.J. 321, 348 (2019) (citations omitted). "When a sentencing court properly evaluates the Yarbough factors in light of the record, the court's decision will not normally be disturbed on appeal." State v. Miller, 205 N.J. 109, 129 (2011) (citing State v. Cassady, 198 N.J. 165, 182 (2009)).

"Crimes involving multiple deaths or victims who have sustained serious bodily injuries represent especially suitable circumstances for the imposition of

consecutive sentences." Carey, 168 N.J. at 428 (citations omitted). Indeed, "that principle resonates most clearly in cases in which a perpetrator intentionally targets multiple victims (e.g., a double murder or robbery)." Id. at 429. The multiple-victims factor under Yarbough "is entitled to great weight and should ordinarily result in the imposition of at least two consecutive sentences." Molina, 168 N.J. at 443 (citations omitted).

Here, defendant has failed to establish that either his trial or appellate counsel was constitutionally defective in their performance, or that he was prejudiced. The record from the sentencing proceeding clearly establishes that defendant's trial counsel repeatedly argued defendant did not "take part in . . . separate acts of violence," which warranted concurrent sentencing under Yarbough. Indeed, trial counsel argued in the sentencing brief that "[defendant's] crime and objective were one in the same, one act" and that "the jury found [defendant] guilty of one act."

Further, although appellate counsel did not raise the concurrent sentencing argument that defendant now contends should have been asserted, appellate counsel did argue that defendant's sentence was excessive on alternative grounds. As Judge Young noted, appellate counsel is not constitutionally deficient for failing to "advance any grounds insisted upon by defendant."

11

<u>Gaither</u>, 396 N.J. Super. at 515 (quoting <u>R.</u> 3:22-6(d)); <u>see also</u> <u>Worlock</u>, 117 N.J. at 625.

Moreover, even if we were to indulge defendant's argument that he satisfied the performance prong of the <u>Strickland</u> test, defendant has failed to establish that he was prejudiced by his trial or appellate counsel's defective performance as defendant did not have a reasonable likelihood that he would have succeeded in receiving a concurrent sentence. Indeed, the jury convicted defendant as an accomplice and was therefore "legally accountable" for Austin's actions. <u>See</u> N.J.S.A. 2C:2-6. These separate crimes involving three victims clearly warranted consecutive sentences. <u>See</u> <u>Carey</u>, 168 N.J. at 429.

Because we agree with Judge Young that defendant did not establish a prima facie case of ineffective assistance of counsel, we likewise conclude he did not abuse his discretion in denying defendant's request for an evidentiary hearing. <u>See</u> <u>Preciose</u>, 129 N.J. at 462. To the extent we have not addressed any of defendant's arguments it is because we have concluded that they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0767-19T1